# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAMELA ANN BEARD,**

      **Plaintiff,**

**v.**                                               **Case No:   6:16-cv-1706-Orl-37KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 25)** |
| **FILED:** | **July 13, 2017** |

Plaintiff, Pamela Ann Beard, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on June 13, 2017. Doc. No. 24. Counsel for Plaintiff represents that the Commissioner does not object to the relief requested. Doc. No. 25, at 3. Thus, the motion is now ripe for consideration.

Plaintiff through Richard A. Culbertson, Esq., her counsel of record, seeks an award of $3,487.32 in EAJA fees. *Id.* at 1. The fee request covers 2.3 hours of work performed by Mr. Culbertson in 2016 and 2017 and 15.8 hours of work performed by Sarah Fay, Esq., in 2016 and 2017, for a total of 18.1 hours of attorney work in 2016 and 2017. *Id.* at 2.

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). Based on calculations of the cost-of-living adjustment using the CPI, Attorney Culbertson requests fees at the rate of $192.67 for work performed by him and Attorney Fay in 2016 and 2017 (average year-to-date). Doc. No. 25, at 8-10. Independent calculations show that the average adjusted hourly rates for 2016 and 2017 are $192.69[2] and $195.81[3], respectively. Based on the cost-of-living adjustment, the rates requested for 2016 and 2017 do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Therefore, I recommend that the Court approve those hourly rates in the absence of objection.

I also find that the total number of hours worked is reasonable in the absence of objection.

Finally, I note that Plaintiff filed her retainer agreement, in which she assigned any fees awarded under the EAJA to her counsel. Doc. No. 25-1. Plaintiff represents that, if the Department of the Treasury determines that Plaintiff does not owe a federal debt, the parties have

---

[1] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996. 28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2] This figure is calculated by taking the "Annual" CPI rate for 2016 and subtracting from it the March 1996 rate (240.007 – 155.7 = 84.307) and then dividing that number by the March 1996 rate (84.307 ÷ 155.7 = 0.5415). These calculations result in the cost-of-living percentage increase from March 1996 through 2016. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5415 × 125) + 125 = 192.69). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited July 13, 2017).

[3] This figure is calculated by averaging the CPI rates for January, February, March, April, and May 2017 ((242.839 + 243.603 + 243.801 + 244.524 + 244.733 = 1219.5) ÷ 5 = 243.9) and then subtracting that figure from it the March 1996 rate (243.9 – 155.7 = 88.2) and then dividing that number by the March 1996 rate (88.2 ÷ 155.7 = 0.5665). These calculations result in the cost-of-living percentage increase from March 1996 through May 2017. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5665 × 125) + 125 = 195.81). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited July 13, 2017).

agreed that the Commissioner will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. Doc. No. 25, at 2-3. Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel, but permit the Commissioner to do so in her discretion.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 25) be **GRANTED**, and that the Court **ORDER** the Commissioner to pay Plaintiff attorney's fees in the amount of $3,487.32.[4]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 14, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] Calculated as follows: 18.1 hours worked by Attorneys Culbertson and Fay in 2016 and 2017 x $192.67 = $3,487.33. However, because Plaintiff only requested $3,487.32 in fees, and that is the sum to which the Commissioner did not object, I recommend that the Court award only the amount requested.